UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

James L. Scott,

Petitioner,

vs. REPORT AND RECOMMENDATION

James Bruton,

Respondent. Civ. No. 01-34 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 18th day of June, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Respondent's Motion to Dismiss the Petitioner's request for Habeas relief, under Title 28 U.S.C. §2254. The Petitioner alleges that he is being illegally detained, by the Respondent, for reasons which are violative of his rights under the Constitution, laws or the treaties of the United States.

The Petitioner appears pro se, and the Respondent appears by John Docherty, Assistant Attorney General. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be denied.

(10)

FILED JUN 18 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. Factual and Procedural Background

The Petitioner is a State prisoner who is serving a 360-month-to-life sentence for first degree murder. See, State v. Scott, 493 N.W.2d 546 (Minn. 1992). He is serving this sentence after having been convicted in 1991, by a Jury, of this offense. After his Trial, the Petitioner appealed his conviction to the Minnesota Supreme Court, where he raised two grounds for reversal:

> 1. That the prosecutor's use of a peremptory challenge to remove the only black person on the venire constituted racial discrimination in violation of the Fourteenth Amendment;
>
> 2. That the admission of evidence of his separately tried and non-testifying co-defendant's extrajudicial confession to a mutual acquaintance violated the Petitioner's Sixth Amendment right of confrontation.

Id.

Notwithstanding these claimed errors, the Minnesota Supreme Court affirmed the Petitioner's conviction and sentence. Id.

Seven years after the Minnesota Supreme Court's decision on the issues that were raised in his direct appeal, the Petitioner sought additional State review of the processes which resulted in his conviction, by a State Petition for Postconviction relief. See, Minnesota Statutes Sections 590.01, et seq. In that Petition, the Petitioner sought relief from the Todd County District Court, and raised the following grounds for relief:

> 1. Ineffective assistance of counsel;

> 2. Prosecutorial misconduct by failing to disclose evidence favorable to the Petitioner;
>
> 3. Prosecutorial misconduct through the failure to correct false testimony; and
>
> 4. Prosecutorial infringement of the attorney/client privilege.

Petition for Writ of Habeas Corpus, at 3-4.

On August 5, 1999, the Todd County District Court denied the Petitioner's Request for Postconviction Relief. The District Court determined that every claim asserted by the Petitioner had been known to the Petitioner at the time of his Trial or, at the latest, by the time of his appeal. See, Respondent's Memorandum of Law in Support of Motion to Dismiss, at 3 ("Respondent's Memorandum"). Since the law in Minnesota holds that claims for relief, which are known but not raised at the time of direct appeal, cannot later form the basis for post-conviction relief, see, State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976), the Minnesota District Court denied the Petitioner's requested relief. Apparently, the Petitioner then sought to appeal the District Court's dismissal, but that appeal was dismissed, by the Minnesota Supreme Court, on February 18, 2000, because of the Petitioner's failure to perfect service on the State. See, Petition for Writ of Habeas Corpus, at 4. Prior to ultimately dismissing the case, the Minnesota Supreme Court instructed the Petitioner to properly serve the State with

his Notice of Appeal, by Orders dated January 19, 2000, and February 1, 2000. See, Respondent's Memorandum, at 4.

On July 6, 2000, the Petitioner filed a Petition for a Writ of Habeas Corpus under Title 28 U.S.C. §2254. In his Petition, the Petitioner raised the following grounds for Habeas relief:

> 1. That his conviction was obtained by several instances of an unconstitutional failure of the prosecution to disclose to the Petitioner evidence that was favorable to him;
>
> 2. That he was denied the effective assistance of Trial counsel; and
>
> 3. That his conviction was obtained by the unconstitutional failure of the prosecution to correct false testimony.

The Petition was summarily dismissed, however, on exhaustion and procedural default grounds. See, Scott v. Bruton, Civ. No. 00-1596, Order (D. Minn. September 8, 2000). The dismissal was without prejudice, however. Id.

The Petitioner then returned to the Minnesota Supreme Court, and attempted to raise his grounds for post-conviction relief which were previously dismissed by the Minnesota District Court. In the alternative, he asked the Court to allow him to perfect service on the State. The Court denied his Petition, however, on November 7, 2000. See, Order, attached to Respondent's Memorandum

The Petitioner now returns to this Court raising the same issues that he had raised in his previous Petition under Section

2254. As it is clear that his claims are procedurally defaulted in the State Court, however, his Petition must be denied, with prejudice.

III. Discussion

A. Exhaustion and Procedural Default. As urged by the Respondent, the Petitioner has failed to exhaust the claims, which he is now raising in this Petition, in the Minnesota State Courts because, when he did attempt to raise his claims, the District Court determined that he had improperly failed to assert the claims on direct appeal. Moreover, in an attempt to appeal the Minnesota District Court's dismissal of his claim for post-conviction relief, the Petitioner failed to serve the State, which resulted in the dismissal of his appeal. The Minnesota Supreme Court has elected to disallow the Petitioner to now cure his default and, thus, his claims should be dismissed, as they were not exhausted, and have been procedurally defaulted.

1. Standard of Review. Section 2254(b) prohibits the issuance of a Writ of Habeas Corpus "unless it appears that the applicant has exhausted the remedies of the State." Title 28 U.S.C. §2254(b)(1). Accordingly, a State prisoner, who seeks Federal Habeas relief, must first exhaust his State remedies by presenting the State Courts with a fair opportunity to rule upon the claims presented in his Federal Petition. See, Picard v. Conner,

404 U.S. 270, 275 (1971)(exhaustion of State remedies doctrine mandates the presentation of Federal constitutional claims to the State Courts at least once on direct or collateral review); see also, Duncan v. Henry, 513 U.S. 364, 365 (1995)(exhaustion requires State prisoners to "fairly present" Federal claims to the State Courts); Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996); Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996); Krimmel v. Hopkins, 56 F.3d 873, 875-76 (8th Cir. 1995).

In this context, a claim has not been "fairly presented" to the State Courts unless the same factual grounds, and legal theories, which are asserted in the Federal Habeas Petition, have been properly raised in the State Court proceedings. See, Abdullah v. Groose, supra at 411 ("[P]risoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim"); Krimmel v. Hopkins, supra at 876. To satisfy the "fairly presented" requirement, a State prisoner is required, in the State proceedings, to have "refer[red] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." Abdullah v. Groose, supra at 411-12, quoting Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993); see also, McDougald v. Lockhart, 942 F.2d 508, 510 (8th Cir. 1991)("Explicit

citation to the Constitution or to a federal case is necessary for fair presentation of a constitutional claim in state court.").

If the Petitioner has failed to exhaust his State Court remedies, and if the Court to which he should have presented his claim would now find it procedurally barred, the claim is procedurally defaulted. See, Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991). In addition, if a Petitioner has attempted to raise a claim in State Court, but the State Court determines that the Petitioner has defaulted the claim under a State procedural rule, Federal Courts will not, as a general proposition, consider the claim on Habeas review. See, Coleman v. Thompson, supra at 750; Sloan v. Delo, supra at 1378.

Accordingly, "[a] default under a state procedural rule bars consideration of a federal claim presented to the state courts if the last state court to review the claim specifically rested its decision on an adequate and independent state ground * * *." Sloan v. Delo, supra at 1378, citing Harris v. Reed, 489 U.S. 255, 260-63 (1989). A claim that is procedurally defaulted under State law, however, is barred from Federal review only if the State procedural rule is firmly established and regularly followed. See, Oxford v. Delo, 59 F.3d 741, 744 (8th Cir. 1995), citing Ford v. Georgia, 498 U.S. 411, 423-24 (1991); see also, Harris v. Reed, supra at 262

("[A]n adequate and independent finding of procedural default [as a matter of State law] will bar federal habeas review of the federal claim").

Under Minnesota law, it is a well-established procedural rule that, "once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for post-conviction relief.'" McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997), quoting State v. Knaffla, supra at 741; see also, Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995); Fox v. State, 474 N.W.2d 821, 824 (Minn. 1991); Case v. State, 364 N.W.2d 797, 799 (Minn. 1985). Generally, only where the "claim is so novel that it can be said that it's legal basis was not reasonably available to counsel at the time the direct appeal was taken and decided," will a State Appellate Court consider the claim. Roby v. State, supra at 484.

Federal Courts generally may "not consider a state prisoner's federal habeas claim if the state court found the claim to have been defaulted." Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997, citing Coleman v. Thompson, supra at 750. Nevertheless, a Federal Habeas Court may consider a Petitioner's procedurally defaulted claims if the Petitioner establishes "cause for and prejudice from his default," Joubert v. Hopkins, supra at 1242, or presents a showing "that he has evidence of his actual innocence and

that a miscarriage of justice will occur unless his claims are reviewed." Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994). In order to demonstrate "cause and actual prejudice," the Petitioner must present adequate cause for abandoning his State Court remedies, and a showing of actual prejudice that has been produced as a result of his having bypassed his remedies under State law. See, Pollard v. Armontrout, 16 F.3d 295, 297 (8th Cir. 1994), quoting Schlup v. Delo, supra at 868.

B. Legal Analysis. It is now clear that the Petitioner has procedurally defaulted on the claims he seeks to raise, and there is now way for him to cure that default. The Petitioner's claim for post-conviction relief was denied, by the Todd County District Court, because he failed to raise the claims on direct appeal, even though he knew about those claims. Thus, post-conviction relief was denied in accordance with State v. Knaffla, supra. Moreover, when he attempted to appeal the dismissal of his Petition, he failed to properly serve the State, in accordance with Rules 125.03 and 125.04, Minnesota Rules of Civil Appellate Procedure. Notably, he failed to properly effect service on the State, notwithstanding twice being warned, by the Minnesota Supreme Court, that his failure to serve the State could result in the dismissal of his Petition. Thus, it is plainly evident that his Petition contains a

myriad of claims that were never fully presented for the review of the Minnesota State Courts.

In short, the Petitioner has not afforded the highest State Court, to which an appeal as of right might be taken, a fair opportunity to rule upon the factual and legal substance of these claims. See, Picard v. Connor, supra. Moreover, it is equally plain that he will not be allowed, by the Minnesota Courts, to cure his procedural default. The Petitioner has failed to even argue, let alone demonstrate, adequate cause for failing to appropriately pursue his State Court remedies, or any actual prejudice therefrom. Accordingly, because the Petitioner here faces an insuperable bar to success on his Petition, due to his failure to exhaust, and his consequential procedural default, his Petition should be denied, and we now make that recommendation to the District Court.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Respondent's Motion to Dismiss [Docket Nos. 3 & 6] be GRANTED.

2. That the Petition for Writ of Habeas Corpus [Docket No. 1] be DENIED.

3. That the Respondent's Motion for an Extension of Time to File Return and Memorandum of Law [Docket Nos. 5 & 8] be DENIED, as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 6, 2001**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 6, 2001**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to

review the transcript in order to resolve all of the objections made.